UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARIA G. NIETO, Individually and as Next Friend of LESLIE NIETO and ALEJANDRO NIETO, JR., Minors, OFELIA ZAVALA, MARIA ZAVALA, and ISIDORO ZAVALA,  §§§§§ <br><br>Plaintiffs, § <br>v. § <br> § <br>ROADRUNNER TRANSPORTATION § <br>SERVICES, INC. and IVAN THOMAS, § <br> § <br>Defendants. § | No. 3:12-cv-02681-M |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Remand [Docket Entry #7], filed by Plaintiffs Maria G. Nieto, individually and as next friend of minors Leslie Nieto and Alejandro Nieto, Jr., Ofelia Zavala, Maria Zavala, and Isidoro Zavala (collectively "Plaintiffs"). For the reasons stated below, the Motion is **GRANTED**.

I.   BACKGROUND

Plaintiffs filed a Petition in the 193rd Judicial District Court of Dallas County, Texas on April 27, 2012, and served Defendant Roadrunner Transportation Services, Inc. ("Roadrunner") on May 9, 2012.[1] In their Petition, Plaintiffs alleged that Defendant Ivan Thomas ("Thomas") negligently operated his tractor-trailer, causing it to hit Plaintiff Ofelia Zavala's vehicle, which in turn collided with Plaintiff Maria G. Nieto's vehicle. Plaintiffs further alleged that Thomas was intoxicated at the time of the accident and that his actions constituted "gross negligence" entitling them to exemplary damages. Plaintiffs also asserted that Thomas's employer,

---

[1] Neither party indicates when Plaintiffs served Defendant Thomas.

Roadrunner, was vicariously liable for his actions.

On July 12, 2012, Thomas asserted his Fifth Amendment privilege against self-incrimination in response to an interrogatory seeking information about what intoxicating substances he had consumed before the accident. Roadrunner removed the case under 28 U.S.C. § 1332 on August 7, 2012 [Docket Entry #1], and Plaintiffs moved to remand on September 5, 2012.

## II.   LEGAL STANDARD

A party may remove any state court action in which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). One seeking removal, however, must do so within thirty days of being served with the initial pleading, summons, or the first document from which "it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(2)(B), (b)(3). Moreover, "[t]he removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2001).

In order to assess the amount in controversy necessary to establish diversity jurisdiction, courts typically look to the face of the plaintiff's state court petition. *Manguno,* 276 F.3d at 723. If a petition does not allege specific damages that exceed the jurisdictional threshold of $75,000, the removing party must prove by a preponderance of the evidence that the claim, in fact, meets the jurisdictional amount. *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003). Potential exemplary damages are to be considered in determining whether the amount in controversy meets the threshold. *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001); *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D.Tex. 2000).

III.   ANALYSIS AND CONCLUSION

A.   Remand

Plaintiffs advance three arguments in support of remand: (1) Roadrunner's Notice of Removal, filed 90 days after Plaintiffs served Roadrunner with their Petition, was untimely, (2) Roadrunner failed to show that the amount in controversy exceeds the jurisdictional threshold of $75,000; and (3) Roadrunner failed to allege its state of incorporation, thus precluding a finding of complete diversity.  Because the Court finds the untimeliness of the removal to be dispositive, it declines to address the remaining two grounds for remand.

It is undisputed that Defendants filed their Notice of Removal more than thirty days after being served with Plaintiffs' Petition.  Nonetheless, Defendants maintain that their Notice was timely because Plaintiff's Petition failed to trigger the thirty-day removal deadline.  Defendants argue that Thomas's privilege assertion exposed Defendants to liability for exemplary damages, and only then did the potential value of the claim exceed the jurisdictional threshold of $75,000 and establish grounds for removal.  Accordingly, the issue is not whether the Petition in fact established the requisite amount in controversy for federal jurisdiction, but whether Thomas's privilege assertion converted the Petition from one that was *not* removable to one that *was*.  The Court determines that it did not.

Texas law clearly provides that exemplary damages are available to plaintiffs that plead damages proximately caused by "gross negligence."  Tex. Civ. Prac. & Rem. Code § 41.003.  Plaintiffs in this case expressly pled "gross negligence" and "exemplary damages" in their original Petition, and alleged that Thomas "recklessly" drove his truck "while intoxicated under the influence of alcohol and/or drugs."  (Notice of Removal Ex. 6)

Defendant argues, however, that the Petition did not make clear whether Plaintiffs sought

to punish Thomas for taking prescription medicine, or for consuming alcohol or illicit drugs. According to Defendants, the former is less reprehensible and would not establish a basis for an award greater than $75,000. On the other hand, Defendants argue, "[c]ommon experience dictates that when the Fifth Amendment privilege is asserted on an exemplary damages question, the threshold amount for federal jurisdiction is satisfied." (Defs.' Resp. 4)

The Court is not convinced by this unsubstantiated proposition; Defendants have not shown that the amount in controversy here meets the jurisdictional threshold only if Plaintiffs based their exemplary damages claim on Thomas's consumption of alcohol or illicit substances. Even if the Court were so persuaded, however, nothing about Thomas's privilege assertion converts Plaintiffs' claim into one necessarily based on intoxication from alcohol or illicit drugs. The interrogatory that Thomas refused to answer asked which "intoxicating beverages, . . . drugs[,] *or medications*" he had consumed before the accident. (Notice of Removal 4) (emphasis added)

Thomas's privilege assertion may affect the likelihood that Plaintiffs actually recover exemplary damages, but it does not affect the amount that the claim puts in controversy. Thus, Defendants' thirty-day period to remove started when Plaintiffs served the state court Petition on May 9, 2012, not when Thomas served his interrogatory answer. The period expired June 8, 2012. Roadrunner's removal, filed August 7, 2012, is untimely. Thus, the Court **REMANDS** this case to the 193rd Judicial District Court of Dallas County, Texas.

B.    Fees and Costs

Plaintiffs also move for the attorney's fees and costs associated with this Motion to Remand. The Court **GRANTS** Plaintiffs' request.

The removal statute authorizes courts to require a party who improperly removes a case

to pay the "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  In determining whether to award fees, courts are to consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

Here, Defendants' removal was not timely, and there was no objectively reasonable basis to believe that it was.  The proposition that Thomas's privilege assertion transformed this case from one that was not removable into one that was does not have a reasonable basis in law or fact.  Thus, the Court **ORDERS** Defendants to pay to Plaintiffs $2,500 to offset fees and costs justly incurred as a result of the removal.

**SO ORDERED**.

October 30, 2012.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**